UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| **TONIE CHRISTY,** individually and on behalf of all others similarly situated, | § § § § | Docket No. 2:19-cv-00186-MJH |
| Plaintiff, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **TDT CONSULTING, LLC,** | § § | **CLASS/COLLECTIVE ACTION** |
| Defendant. | § § § | **PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23** |

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Tonie Christy provides the Court with an update regarding the status of this matter, and hereby moves this Court for an extension of time for Defendant TDT Consulting, LLC ("TDT") to answer.

This case was filed on February 20, 2019. ECF 1. Plaintiff promptly requested a summons and attempted service on TDT through its registered agent, Tara Lane. *See* ECF 2. Plaintiff's process server provided Plaintiff with a return of service certifying that TDT was personally served on February 26, 2019, and Plaintiff promptly filed the return of service. ECF 4.

Service of TDT on February 26, 2019 made TDT's answer due on March 19, 2019. After giving TDT time to file its answer, Plaintiff acted diligently to move the case forward. On March 22, Plaintiff reached out to Zachary Q. Pettigrew of Mayo, Mendolia & Vice, LLP, an attorney who represented TDT in a recently filed case, *Cervantez v. TDT Consulting, LLC*, CA 3:18-CV-02547 (N.D. Tex filed 09/25/2018). See Ex. A (3/22/19 emails). Notably, the Cervantez case also involved claims that TDT violated the FLSA by misclassifying its workers as independent contractors and failing to pay them overtime. *See* Ex. B (*Cervantez* Complaint and Answer).

Plaintiff notified Pettigrew that TDT had not answered a case filed in the Western District of Pennsylvania and offered to confer with him before taking any additional steps. *See* Ex. A. Pettigrew did not respond to these emails, but counsel was able to speak to him over the phone. At the time, Pettigrew indicated that neither TDT nor Ms. Lane had spoken to him of this matter filed in the Western District of Pennsylvania. See Ex. C, ¶ 8 (Dunlap Declaration).

Since that time, Plaintiff has made almost daily telephone calls to Mr. Pettigrew seeking some information on whether he will represent TDT in the instant case and whether TDT intends to answer. Mr. Pettigrew did not answer or return any calls. See Ex. D, ¶ 8 (Liles Declaration).

After the Court filed its Order to Show Cause, Plaintiff was able to contact the registered agent for TDT, Tara Lane, on April 26, 2019. See Ex. D ¶ 9 (Liles Declaration). Ms. Lane confirmed that Mr. Pettigrew will be representing TDT in this action, and that TDT intends to file an answer. *Id*. Plaintiff requests additional time for TDT to file its answer and avoid default.

While Plaintiff could have started the process for entry of default as early as March 19, he had good reason to believe that TDT would dutifully respond to the service of process and answer the complaint, as TDT had been sued recently in similar matter and had retained counsel for that action. *See Cervantez v. TDT Consulting, LLC*, CA 3:18-CV-02547 (N.D. Tex filed 09/25/2018). Rushing to enter a default judgment was not in the best interests of any party, and the Third Circuit and this District actively "disfavor default judgments and encourage decisions on the merits." *See Culver v. U.S. Dep't of Labor Occupational Safety & Health Admin.*, 248 F. App'x 403, 408 (3d Cir. 2007); *Willaman v. Erie Satellite Office of the Bureau of Alcohol*, No. CV 13-229ERIE, 2014 WL 11474846, at *1 (W.D. Pa. July 28, 2014).

As demonstrated by the consistent and meaningful attempts at communication with TDT and its anticipated counsel, Plaintiff has faithfully and diligently prosecuted his claim, seeking to engage in meaningful litigation, rather than pursue a default which would likely be overturned and waste judicial

resources. To further accomplish this end, Plaintiff requests an extension for TDT to file its answer, and anticipates that the answer will be filed shortly. See Ex. C; Ex. D.

WHEREFORE, Plaintiff respectfully request that this Court find that he has submitted sufficient evidence showing his diligent prosecuting of his action, and request that Court further extend the time for Defendant TDT to file its answer and avoid an unnecessary entry and reversal of default.

Respectfully submitted,

By: /s/ Andrew W. Dunlap
Michael A. Josephson
Pennsylvania Bar No. 308410
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

AND

Joshua P. Geist
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212

Tel: (412) 766-1455  
Fax: (412)766-0300  
josh@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 30th day of April 2019.

/s/ *Andrew W. Dunlap*  
Andrew W. Dunlap