IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| TONI CHRISTY,<br>Individually and on behalf of all others similarly situated,<br><br>V.<br><br>TDT CONSULTING, LLC,<br>Defendant. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 2:19-cv-00186-MJH<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT'S, TDT CONSULTING, LLC, MOTION THROUGH SPECIAL APPEARANCE TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant, TDT Consulting, LLC ("TDT") enters this special appearance and moves to dismiss Plaintiff's Original Class and Collective Action Complaint [Dkt. 1] in its entirety on the basis of failure to state a claim and would show the Court the following:

### I.     INTRODUCTION

**1.01**   Plaintiff's Original Class and Collective Action Complaint (the "Complaint") alleges violations of certain federal and state labor and wage acts.  The Complaint alleges that Tonie Christy ("Christy") was employed by TDT from approximately April 2017 to June 2018 as a "backyard hand" assisting with solids controls for energy operators in areas such as Pennsylvania and Ohio.  The Complaint alleges that TDT violated the Fair Labor Standards Act, 29 U.S.C. § 226(b), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, *et seq.*, and the Pennsylvania Minimum Wage Act by labeling Plaintiff, and similarly situated plaintiffs, as an independent contractor.  [Dkt. 1].

**1.02**   Prior to bringing the immediate action and Complaint, Christy consented to and voluntarily joined in a collective action brought against BOS Solutions, Inc. and filed in the Western District of Pennsylvania in a case numbered and styled: 2:17-cv-01087; *Dennis Kolasa, individually and on*

*behalf of all others similarly situated v. BOS Solutions, Inc.*; In the United States District Court, Western District of Pennsylvania ("BOS"). [BOS Dkt. 83]. The BOS complaint is all but identical to the immediate Complaint and sought damages alleging that BOS mischaracterized its workers as independent contractors. [BOS Dkt. 1]. On June 14, 2018, a consent to join wage claim was filed on behalf of Christy. [BOS Dkt. 83]. Subsequently, BOS Solutions, Inc. and the collective class reached an agreement. The settlement was approved by the Court on February 6, 2019 and the BOS Collective Action Settlement Agreement ("BOS Settlement") was filed on February 8, 2019. [BOS Dkt. 124 and 126]. The BOS Settlement sets out that the class members release all claims related to the litigation that accrued at any time prior to February 1, 2018. [Dkt. 126, pg. 12]. Mr. Christy's take from the settlement was to be $3,289.63. [BOS Dkt. 126, pg. 36].

## II.    LAW

2.01    Plaintiff has failed to state a claim for which he is entitled to relief from Defendant, as Plaintiff's claim is barred by the theories of res judicata and collateral estoppel. The doctrine of res judicata provides that a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same cause of action. *In re Weisbrod & Hess Corp.*, 129 F.2d 114 (3rd Cir. 1942). The doctrine of collateral estoppel, or issue preclusion, "ensures that once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Burlington North R. Co. v. Hundai Merchant Marine Col, Ltd.*, 63 F3d 1227, 1232 (3d Cir. 1995)

### *Federal Preclusion*

2.02    Res judicata, or claim preclusion, is a three prong test, and bars a second suit where "there has been (1) final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*,

929 F.2d 960, 963 (3rd Cir. 1991).  According to the United States District Court for the Western District of Pennsylvania "[t]he prerequisites for the application of issue preclusion are satisfied when: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." *Burlington North R. Co.*, 63 F3d at 1232.

*Pennsylvania Preclusion*

    **2.03**    "Res judicata encompasses two related, yet distinct principles: technical res judicata and collateral estoppel. Technical res judicata provides that where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded. Collateral estoppel acts to foreclose litigation in a subsequent action where issues of law or fact were actually litigated and necessary to a previous final judgment. Technical res judicata requires the coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. Res judicata applies to claims that were actually litigated as well as those matters that should have been litigated. Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and new proceedings. Similarly, collateral estoppel bars a subsequent lawsuit where (1) an issue decided in a prior action is identical to one presented in a later action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action, and (4), the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action." J.S. v. Bethlehem Area School District, 794 A.2d 936, 939 (Pa. Cmwlth. 2002).

*Ohio Preclusion*

    **2.04**    Relying on federal law, the Ohio Supreme Court has identified four elements necessary

to bar a claim under the doctrine of res judicata: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. Portage Cty. Bd. of Commrs. v. City of Akron, 109 Ohio St.3d 106, 123, 2006-Ohio-954, 846 N.E.2d 478, citing Hapgood v. Warren (C.A.6, 1997), 127 F.3d 490, 493. The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998).

### III.    APPLICATION OF FACTS

**3.01**   While the requirements for preclusion are not identical across the federal, Pennsylvania, and Ohio landscape, the requirements are such that they are substantially similar. Defendant's brief will dig deeper into each element required and set out further the argument for dismissal pursuant to the theories of preclusion presented in this Motion. However, the facts as ascertained by the Complaint, as well as, from the records of the BOS show that this case should be dismissed.

**3.02**   The pleadings and records will show: (1) there is a Collective Action Settlement Agreement approved by the Court in BOS [BOS Dkt. 124 and 126] for settlement of claims that related to misapplication of workers as independent contractors [BOS Dkt. 1 and 126]; (2) Petitioner, Chrity, joined in the BOS action by consent [BOS Dkt. 83]; and Defendant is an alleged "staffing" company that employed Christy as a laborer from sometime between April 2017 to June 2018 [Dkt. 1, pg. 4]; time periods included and covering the BOS Complain and BOS Settlement AGrrement.

4

[BOS Dkt. 1 and 126]; and (3) Petitioner, Christy, has brought the current, subsequent, suit based on the identical cause of action for which Christy joined and settled in the BOS case. Additionally, the issues raised and decided in the BOS Settlement Agreement are identical to those being re-litigated in the current Complain. [Dkt. 1], [BOS Dkt. 1], and [BOS Dkt. 126]. Based on the law and facts underlying the current Complaint, Plaintiff's Complaint should be dismissed with prejudice.

## IV.   CONCLUSION

Plaintiff's Original Class and Collective Action Complaint should be dismissed. The claims against TDT are barred by res judicata and/or collateral estoppel; therefore, Plaintiff is unable to state a claim upon which relief can be granted and there is no apparent cure for the defect.

## PRAYER

Defendant prays that, after review of this Motion, the pleadings, and the briefs to be filed, the Court grant this Motion and dismiss Plaintiff's claims with prejudice to refiling the same and for other such relief to which Defendant may be entitled.

        Respectfully submitted,

        M&P LAW OFFICES

        By:  */s/ /Timothy J. Mendolia*
            Timothy J. Mendolia\
            Texas Bar No. 00791249
            Email:  tjm@mandplawyers.com
            Zachary Q. Pettigrew
            Texas Bar No. 24071255
            Email:  zp@mandplawyers.com
            6900 E. Interstate 20
            Aledo, Texas 76008
            Tel. (817) 564-4100
            Fax. (817) 546-4104
            Attorney for Defendant,
            TDT Consulting, LLC

## CERTIFICATE OF CONFERENCE

In accordance with this Court's Standing Order and Procedures on Civil Motion Practice, the undersigned certifies that Zachary Pettigrew, a duly licensed attorney in the State of Texas and partner of M&P Law Offices, conferred with opposing counsel regarding the basis of this motion and that opposing counsel is in disagreement with the same. The undersigned does not believe that the defenses upon which this Rule 12(b) motion are made may be cured by amendment.

*/s/ Timothy J. Mendolia*
Timothy J. Mendolia

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above document was served by ECF electronic filing on all known parties.

*/s/ Timothy J. Mendolia*
Timothy J. Mendolia