UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| **TONIE CHRISTY,** individually and on behalf of all others similarly situated, | § § § § | Docket No. 2:19-cv-00186-MJH |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| TDT CONSULTING, LLC, | § § | CLASS/COLLECTIVE ACTION |
| Defendant. | § § § | PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Tonie Christy files this Response to Defendant TDT Consulting, LLC's Motion to Dismiss based on res judicata.

Importantly, in the BOS case on which TDT's entire motion to dismiss relies, neither TDT nor any other staffing company was sued or released from liability. The BOS settlement specifically excludes from released parties "the staffing companies that provided Class members to Defendant. Settling Class Members specifically retain the right to pursue all claims against the staffing companies." See Dkt. 126 ¶ 14 in 2:14-cv-1087-MPK, *Kolasa v. BOS Solutions, Inc.* (W.D. Pa. 2017) (the "BOS Dkt"). TDT's intimation that it cannot be liable due to proceedings in the BOS action are simply incorrect.

Res judicata is an affirmative defense that may be properly raised in a Rule 12(b)(6) motion when its applicability is apparent on the face of the complaint. *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Even where a plaintiff has not included the existence or substance of the prior adjudications in the body of, or attachments to, its complaint, a court must still consider the prior adjudication in order to determine whether res judicata applies. *M&M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010); *see Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d

1

159, 173 (3d Cir. 2010)(the court may review not only the complaint but also matters of public record, exhibits attached to the complaint, and undisputed materials embraced by the complaint but provided by the defendant). "Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties." *Conceicao v. Nat'l Water Main Cleaning Co.*, 650 Fed. Appx. 134, 135 (3d Cir. 2016).

Res judicata encompasses both "claim preclusion" and "issue preclusion." "Claim preclusion applies to all claims actually brought or which could have been brought in a prior action regardless of whether they were asserted or determined in the prior proceeding. Issue preclusion, also known as collateral estoppel, bars relitigation only of an issue identical to that adjudication in the prior action." *Spencer v. Varano*, 3:17-CV-2158, 2019 WL 384959, at *2 (M.D. Pa. Jan. 30, 2019)(internal citations omitted).  Neither applies here.

1. **Claim preclusion does not apply**

As acknowledged by TDT, state and federal claim preclusion generally requires (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies. *See U.S. v. 5 Unlabeled Boxes*, 572 F.3d 169, 173 (3d Cir. 2009).  TDT fails to explain how any element is satisfied. Instead, TDT simply points the court to Case No. 2:14-cv-1087-MPK, *Kolasa v. BOS Solutions, Inc.*, In the Western District of Pennsylvania (the "BOS Action"), contending without explanation that settlement of this case precludes Christy's suit against it.[1] ECF 12, passim.  While Christy did consent to joint the BOS Action, this alone cannot satisfy the three elements of claim preclusion.  TDT's motion fails to show how any element is satisfied on the face of Christy's complaint or through judicial notice of the BOS Action. Its motion must be denied.

---

[1] Christy requests the Court take judicial notice of the filings in the BOS Action, No. 2:14-cv-1087-MPK, *Kolasa v. BOS Solutions, Inc.*, In the Western District of Pennsylvania.

In the BOS Action, the plaintiffs were current and former solid control consultants employed by or working for BOS, who alleged violations of the FLSA, Pennsylvania and Ohio law. See BOS Dkt. 1. They were granted conditional certification of their FLSA class, BOS Dkt. 95, and ultimately settled their claims against BOS. BOS Dkt. 124. While TDT does not argue this point in its motion to dismiss, judicially approved settlement agreements, such as the one in the BOS Action, are considered final judgments on the merits for the purposes of claim preclusion. *Conceicao v. Nat'l Water Main Cleaning Co.*, 650 Fed. Appx. 134, 135 (3d Cir. 2016). However, TDT fails to show that any claim in this action was resolved by the settlement agreement signed in BOS.

To the contrary, the BOS settlement specifically excludes from released parties "the staffing companies that provided Class members to Defendant. Settling Class Members specifically retain the right to pursue all claims against the staffing companies." [BOS Dkt. 126 ¶ 14]. This includes TDT. Christy pleads that TDT is a staffing company which provides oilfield workers, like him and the putative class members, to energy operators throughout the United States, *see* ECF 1, ¶ 25, and TDT acknowledges it was a staffing company that employed Christy as a laborer. ECF 12, ¶ 3.02. Christy's claims against TDT were expressly excluded from release in the settlement with BOS. Nothing prevents Christy from alleging those claims in this action.

TDT also fails to show that either the claims or parties here are identical to those in the BOS Action. Specifically, TDT fails to explain how the claims that *BOS* failed to pay overtime due under the FLSA and state law are the same as Christy's allegations that *TDT* failed to pay overtime due under the FLSA and state law. TDT has not argued much less established that it was in privity with BOS. Moreover, it is uncontested that TDT is not a party to the BOS Action and no claim was made against TDT in that action. Nothing in the BOS action addressed or resolved TDT's duty to pay overtime to Christy and simliarly situated workers.

TDT does not show that any factor of claim preclusion applies to limit Christy's claims against it. Nothing in the BOS case addresses TDT's liability to Christy and the settlement expressly excluded staffing companies, like TDT, from release. TDT's motion to dismiss must be denied.

### 2. Issue preclusion does not apply

Like its contentions on claim preclusion, TDT offers no explanation of how issue preclusion or collateral estoppel bars Christy's claims. Issue preclusion generally requires TDT to show: (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final adjudication on the merits; (3) the party against whom issue preclusion is asserted was a party or in privity with a party in the prior case; (4) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the prior case; and (5) the determination in the prior case was essential to the judgment. *Fres-co Sys. USA, Inc. v. Hawkins*, 690 Fed. Appx. 72, 79 (3d Cir. 2017)(Pennsylvania law). TDT's application of claim preclusion fails because it has not and cannot show that any issue in the BOS Action is identical to that alleged here. Again, the plaintiffs in the BOS Action alleged BOS failed to pay them overtime due to them under state and federal law. Here, Christy alleges TDT failed to pay overtime due to him and others similarly situated. An employee may have more than one employer. *See* FLSA, 29 U.S.C. § 203(d); *Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1388 (3d Cir. 1985); *Rummel v. Highmark, Inc.*, 3:13-CV-87, 2013 WL 6055082, at *3 (W.D. Pa. Nov. 15, 2013)(PMWA claims and FLSA claims are analyzed under the same basic framework); *Perkins v. S & E Flag Cars, LLC*, 2:15-CV-975, 2017 WL 1093279, at *3 (S.D. Ohio Mar. 22, 2017)(Ohio law imposes the duty to pay overtime on every employer and contemplates joint employment). Christy, and other plaintiffs or opt-ins to the BOS Action, are not prevented from bringing overtime claims against TDT, or any other staffing company, merely because they also brought overtime claims against BOS. TDT's motion to dismiss provides no authority to the contrary

and fails to show that any issue resolved in the BOS Action should apply against Christy or the class proposed here. TDT's motion is utterly without support and must be denied.

### 3. More than Christy's individual claims are at issue

TDT's motion to dismiss attacked only Christy's individual claims. *See* ECF 12. Even if TDT was able to show Christy's claims against it are barred, which it has not, this case could not be dismissed due to the Rule 23 class action claims. "The fact that a named plaintiff's substantive claims are mooted due to an occurrence other than a judgment on the merits does not mean that all the other issues in the case are mooted. A plaintiff who brings a class action presents two separate issues for judicial resolution. One is the claim on the merits; the other is the claim that he is entitled to represent a class." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 402, 100 S. Ct. 1202, 1211 (1980). "We … hold that an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied. The proposed representative retains a "personal stake" in obtaining class certification sufficient to assure that Art. III values are not undermined." *Id.* Under *Geraghty*, even if Christy's individual claims were barred, which they are not, he retains an interest in his claims subject to the state law Rule 23 class actions. The action would be able to proceed on this basis.

Significantly, six plaintiffs have filed consents to join this action against TDT. See ECFs 7, 16, 18, 19. Were Christy's individual claims actually barred by res judicata, this claim still could not be dismissed because substitution of class representatives is allowed at the pre-certification stage. *See Rivet v. Office Depot, Inc.*, 207 F. Supp. 3d 417, 430 (D.N.J. 2016). Nothing in TDT's motion to dismiss addresses the implication of these opt-in plaintiffs and dismissal, class wide, is inappropriate.

In fact, the one of the latest opt-ins, Steven Wagner, was not placed by TDT with BOS but with another client, Anchor Drilling. *See Kapolka vs. Anchor Drilling Fluids, USA*, LLC, C.A. 2:18-cv-01007-AJS (W.D. Pa. Aug. 10, 2018)(the "Anchor Action") at ECF 7 (notice of consent). No claim

by Wagner therefore would addressed in the BOS Action and the settlement signed by BOS would have no impact on Wagner, even had staffing companies been released. There is no similar claim or parties in the Anchor Action, nor is any issue in that action alleged to be relevant here. Moreover, the Anchor Action is still pending in this district.[2] Therefore, there has been no judgment on the merits, and TDT cannot hope to establish the elements of either claim or issue preclusion. TDT cannot, by dint of the BOS settlement, dismiss a collective action against it brought on behalf of all its oilfield workers, who were placed with multiple clients. It fails to carry its burden and incorporation by reference to other prior (or pending) actions, hurts rather than helps its arguments.

TDT has not shown how either the Complaint or any proceedings in the BOS Action bar the claims brought against it here for failure to pay overtime under state and federal law. Neither the parties, the claims, nor any issue in the BOS Action applies to benefit TDT and TDT provides no explanation to the contrary. In fact, the court may take judicial notice that the claims against staffing companies such as TDT were expressly exempt from the settlement with BOS. Nothing bars Christy's individual claims nor may his collective or class action claims be defeated by this motion.

WHEREFORE, Plaintiff respectfully requests that this Court deny the motion to dismiss and grant him all relief to which he is entitled.

---

[2] Christy requests the Court take judicial notice of the filings in the *Kapolka vs. Anchor Drilling Fluids, USA*, LLC, C.A. 2:18-cv-01007-AJS, In the Western District of Pennsylvania.

6

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
    Michael A. Josephson
    Pennsylvania Bar No. 308410
    Andrew W. Dunlap
    Texas Bar No. 24078444
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

AND

Joshua P. Geist
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: (412) 766-1455
Fax: (412)766-0300
josh@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 4th day of June 2019.

                                                */s/ Andrew W. Dunlap*
                                                Andrew W. Dunlap